UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGINIA THOMAS JACKSON,

Plaintiff,

v.

CITY OF LIVONIA,
JOHN DOE(S), and
COUNTY OF WAYNE,

Defendants.
_______________________________/

Case No. 2:26-cv-11010

District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

**ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT (ECF No. 17) and DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 18)**

Upon review of Plaintiff's recently filed motion for entry of default judgment as to County of Wayne (ECF No. 18) and the Clerk's entry of default as to County of Wayne (ECF No. 17), the Clerk's entry of default (ECF No. 17) is **HEREBY SET ASIDE.** Neither the green card (*see* ECF No.14, PageID.47-48) nor the United States Postal Service tracking number (*see* ECF No. 12, PageID.43) demonstrate that process was properly served upon Wayne County in accordance with Mich. Ct. R. 2.105(G)(1) ("Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on: . . . the chairperson of the board of commissioners or *the county clerk of a county*[.]")

(emphasis added). Instead of serving Wayne County Clerk Cathy M. Garrett or the chairperson of the Wayne County Board of Commissioners, these items merely indicate that some unknown, unidentifiable, and not necessarily authorized person at a "front desk/reception/mail room" at the Wayne County Clerk's Office signed for the summons and complaint, which is not adequate.

Accordingly, Plaintiff's motion for default judgment (ECF No. 18) is **DENIED AS MOOT**. *See Farrell v. US Bank Nat'l Ass'n*, No. 14-cv-11781, 2014 WL 12658841 (E.D. Mich. Aug. 8, 2014) (Murphy, J.) (affirming magistrate judge's denial of motion for default judgment on general pretrial referral where "entry of default judgment was procedurally inappropriate because the clerk denied Farrell's request for entry of default."); *Ramada Franchise Sys., Inc. v. Baroda Enters.*, LLC, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b).") (quotation marks and internal citation omitted). It is also worth noting that the motion's certificate of service is defective. (*See id.*, PageID.68.)

It is **SO ORDERED.**[1]

Dated: September 9, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).